UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEATON CARL ARCHAMBAULT,<br><br>Defendant. | 1:07-CR-10020-01-KES<br>4:16-CR-40023-01-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO AMEND JUDGMENT |

Defendant, Keaton Carl Archambault, moves the court to amend its judgments in 1:07-CR-10020 and 4:16-CR-40023 under Fed. R. Crim. P. 35(a). 07-10020 Docket 97; 16-40023 Docket 71. Archambault contends that the judgments do not reflect the sentences announced at the revocation hearing and if they remain as written, the Bureau of Prisons will likely calculate a much later release date than intended by the court. *Id.*[1] Plaintiff, the United States of America, opposes the motion and argues that the written judgment is consistent with the court's oral pronouncement. 07-10020 Docket 101 at 5; 16-40023 Docket 76 at 5. After a careful review of the record, the motion is granted in part and denied in part.

**FACTS**

Archambault was convicted of sexual abuse of a minor (file 1:07-CR-10020) after engaging in a sexual act with a juvenile female between the ages of

---

[1] Because Archambault filed identical motions in both 1:07-CR-10020 and 4:16-CR-40023, the "*Id.*" citation here refers to both motions.

12 and 16 years of age. 07-10020 Docket 92 at 2. He was sentenced to 109 months in custody, followed by 5 years of supervised release. *Id.* Before this revocation proceeding, his supervised release was revoked on two occasions, resulting in 8- and 10-month prison sentences, followed by additional periods of supervised release. *Id.*

Archambault also was convicted of failing to register as a sex offender (file 4:16-CR-40023). *Id.* He was sentenced to 17 months in custody, followed by 5 years of supervised release, to be served concurrently with 1:07-CR-10020. *Id.* Two petitions to revoke supervised release were filed in 4:16-CR-40023, but both were dismissed in exchange for Archambault's admissions to the allegations in 1:07-CR-10020. *Id.*

Current petitions to revoke supervised release were filed in both cases. While under supervision, Archambault traveled to Bismarck, North Dakota, without permission from his probation officer. 07-10020 Docket 79; 16-40023 Docket 53. He admitted that he used methamphetamine and alcohol in violation of the conditions of his supervised release. While visiting a nephew at a Bismarck hospital, Archambault was "tripping out" from the effects of methamphetamine and bath salts. 07-10020 Docket 96 at 9-10. Archambault claims that because of his alleged hallucinations, he brandished a box cutter towards the security officers. *Id.* He was detained until law enforcement officers arrived. 07-10020 Docket 79. He was ultimately convicted in North Dakota of Terrorizing-With a dangerous weapon and sentenced to 2 years in custody. 07-10020 Docket 101-1. Archambault's attorney represented to the court that

Archambault would serve approximately 85% of this sentence. 07-10020 Docket 96 at 7. At the time of the hearing on the petitions to revoke his supervised release, he had been in custody in North Dakota for 432 days, approximately 14 months. *Id.*

Archambault admitted that he violated allegation #3, and the court determined this violation to be a Grade A violation. As a result, his guideline range was 24-months in 4:16-CR-40023 and 15-21 months in 1:07-CR-10020. Archambault asked that he receive credit for the 432 days that he already served on his North Dakota terrorizing conviction and that the remainder of his federal sentence run concurrent to his North Dakota sentence, with no supervised release to follow. 07-10020 Docket 96 at 7. The court indicated that it was not inclined to adopt Archambault's request, because to do so would essentially result in no punishment for these supervised release violations. *Id.* at 12-13. Instead, the court indicated that an appropriate cumulative sentence (after giving Archambault credit for time served and running some of the sentence concurrent with the remaining North Dakota sentence) for Archambault's violation behavior while on supervision was 12 months and one day. *Id.* at 14. Following an objection by Archambault's counsel, the court adjusted its sentence to stack a 12-month sentence in 1:07-CR-10020 on top of a 24-month sentence in 4:16-CR-40023, while also giving him credit for the 432 days he had served on the North Dakota state conviction and running one of the sentences concurrent with the yet unserved portion of the North Dakota sentence. *Id.* at 15. After Archambault's attorney raised additional issues

about the fact that Archambault would serve 85% of the 24-month state sentence and that the Bureau of Prisons would likely not give Archambault credit for the 432 days he had already served in state custody, the court stated that it agreed with defense counsel that the Bureau of Prisons probably would not give Archambault credit for his time served in state custody. *Id.* at 16. When the court announced the sentence in 4:16-CR-40023, however, it stated "22 months in custody, and it will run concurrent with the North Dakota sentence." *Id.* at 17. The Judgment provides "22 months custody with credit for 432 days to run concurrent with North Dakota Case 08-2020-CR-00785). 16-40023 Docket 68 at 2.

## DISCUSSION

Fed. R. Crim. P. 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." "Rule 35(a) grants 'very narrow' authority to a district court to make corrections 'only [in] those cases in which an obvious error or mistake has occurred in the sentence.'" *United States v. Jett*, 782 F.3d 1050, 1051-52 (8th Cir. 2015).

First, Archambault contends the court made a clear error in the judgment in 4:16-CR-40023 when the court failed to reduce the sentence by the 432 days Archambault had already served in state custody and instead included language in the judgment directing the Bureau of Prisons to give him the credit. Archambault points out that under the applicable statute and the BOP program statement, the BOP cannot give Archambault the 432 days of

4

credit referenced in the judgment. 18 U.S.C. § 3585(b); BOP Program Statement § 5880.28, p.1-17 ("Credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign."). Archambault is correct. The court committed clear error when it announced the sentence. The court should have stated that it was starting at 22 months (which is approximately 85% of the 24-month North Dakota sentence), that it was giving Archambault 14-months credit for time served in state court for which the Bureau of Prisons would not give him credit, resulting in a sentence of 8 months to run concurrent with the North Dakota case.[2] The motion to amend the judgment in 4:16-CR-40023 is granted and it will be amended to reflect a sentence of 8-months custody to run concurrent with the North Dakota Case 08-2020-CR-00785.

    Second, Archambault contends that the court erred in the 1:07-CR-10020 judgment because the judgment is silent as to whether it is concurrent or consecutive to the North Dakota sentence. Archambault requests that the judgment state that it run concurrent to his North Dakota case, otherwise the Bureau of Prisons will treat it as a consecutive sentence that does not begin to run until his release from North Dakota custody. 07-10023 Docket 97 at 2. Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The court's intention as stated throughout the sentencing

---

[2] This sentence would result in Archambault being almost finished with his sentence on 4:16-CR-40023 when he completes the North Dakota state sentence.

5

hearing was for Archambault to serve an additional 12-months of custody after he finished his North Dakota sentence. 07-10023 Docket 96 at. 14. To reach that result, the sentence in 1:07-CR-10020 must be consecutive to the sentence in 4:16-CR-40023 and consecutive to the North Dakota sentence, otherwise Archambault will be essentially finished with his federal custody sentence when he completes the North Dakota sentence. If Archambault's sentence in 1:07-CR-10020 ran concurrent to the North Dakota sentence, he would only serve about four additional months in federal custody after completing the North Dakota sentence. That was not the court's intention. Because the sentence did not result from arithmetical, technical, or other clear error, the motion to amend the judgment in 1:07-CR-10020 is denied.

## CONCLUSION

The court committed clear error when it imposed the sentence in 4:16-CR-40023. The judgment will be amended to reflect a sentence of 8-months custody to run concurrent with the North Dakota Case 08-2020-CR-00785. The court did not commit error when it imposed the sentence in 1:07-CR-10020. Thus, it is

ORDERED:

1. The Motion to Amend Judgment (07-10020 Docket 97; 16-40023 Docket 71) is granted in part and denied in part.
2. Probation is directed to prepare an amended judgment in 4:16-CR-40023 to reflect a sentence of 8-months custody to run concurrent

6

with the North Dakota Case 09-2020-CR-00785, with all remaining portions of the judgment to remain as currently written.

DATED June 9, 2021.

                                BY THE COURT:

                                */s/ Karen E. Schreier*
                                KAREN E. SCHREIER
                                UNITED STATES DISTRICT JUDGE